THE KANSAS, NEBRASKA & DAKOTA RAILWAY COM-
PANY v. JOHN CUYKENDALL.

ABUTTING LOT-OWNER—*Measure of Damages—Rule.* To entitle a per-
son owning lots abutting on a city street along which a railroad
company has constructed and is operating its line by authority of
the city council, to recover damages, there must be such a practical
obstruction of the street in front of the lots that the owner is denied
ingress to and egress from them.

*Error from Anderson District Court.*

THE opinion states the case. Judgment for plaintiff *Cuy-
kendall* at the March term, 1887, for $190 damages. The
defendant *Company* brings the case to this court.

*Ware, Biddle & Cory,* for plaintiff in error.

*Kirk, Schoonover & Bowman,* for defendant in error.

Opinion by SIMPSON, C.: Cuykendall commenced his action in the district court of Anderson county, alleging that he was the owner in fee simple of the north half of lots 9, 10, 11 and 12, in block 76, in the city of Garnett; that said lots front 70 feet on Main street and 180 on Seventh avenue, are improved by a dwelling-house, fencing and otherwise, and are occupied by plaintiff and his family as a residence; that the dwelling-house faces on Main street, and the outlet and inlet to the property is over and upon these two streets; that the railroad company, on or about the 1st day of March, 1886, constructed, and has ever since operated, its line of road in and upon said Main street, and made an embankment six feet in height near the east side of said Main street, and directly up to and fronting against the west side of plaintiff's property; that said embankment and line of railroad are so constructed as to obstruct the street, and are illegally and improperly made and maintained; and he prays for a judgment for damages. The railroad company pleads a city ordinance granting it the right-of-way over and upon said street and others, and that the line was constructed in accordance with the terms and conditions of the ordinance. At the trial the following special interrogatories were answered by the jury, and a verdict returned in favor of Cuykendall for $190:

"1. Is the defendant's railway constructed along and upon Main street west of plaintiff's property? *Ans.:* Yes.

"2. What is the distance from plaintiff's lots to the railroad on Main street? A. Northwest corner, 33½ feet more or less; southwest corner, 27 feet more or less.

"3. How many feet on Main street is there on the east side of defendant's railroad and between the railroad and plaintiff's property that is now open for use? A. Outside of sidewalk fifteen feet more or less.

"4. Does the defendant's railroad obstruct the means of ingress to and egress from plaintiff's premises to and upon Main street? A. Yes.

"5. Does the defendant's railroad obstruct the means of ingress to and egress from plaintiff's premises upon Seventh street?  A.  No.

" 6.  If the defendant's railroad obstructs the plaintiff's ingress and egress to and from Main street, state in what such obstruction consists.  A.  By defendant's railroad embankment.

"7.  If defendant's railroad obstructs the plaintiff's ingress and egress to and upon Seventh avenue, state in what such obstruction consists.  A.  Nothing."

The question involved in this case has been the subject of much consideration in this court, and three opinions have been rendered which mark with some degree of reasonable certainty the line between the liability and non-liability of railroad companies whose lines are constructed along public streets, to abutting owners for damages.  These cases are: *A. & N. Rld. Co. v. Garside*, 10 Kas. 552 ; *C. B. U. P. Rld. Co. v. Andrews*, 30 id. 590 ; *O. O. C. & C. G. Rld. Co. v. Larson*, 40 id. 301.  The rule to be deduced from these cases, and from what has been said by the court in the cases of *C. B. Rld. Co. v. Twine*, 23 Kas. 585 ; *K. C. & O. Rld. Co. v .Hicks,* 30 id. 288 ; and *Heller v. A. T. & S. F. Rld. Co.*, 28 id. 625, is

<span style="float:left">Abutting lot-owner—measure of damages—rule.</span> that in order to justify a recovery for damages by the abutting lot-owner, there must be such a practical obstruction of the street in front of the lots that the owner is denied ingress to and egress from them.  While the title to the streets is in the county, the legislature has given to the city government the power of full control.  The abutting lot-owner has no greater right to the use of the public street than a railroad company that has been authorized to construct its line along it.  Each must respect the use of the other, but nothing short of a practical obstruction of the use by one will be a cause of action to the other.  A railroad is not an unreasonable obstruction to the free use of a street, but rather a new and improved method of using the same, and germane to its principal object as a passage-way, like the electric, steam motor, and horse-car lines. (Mills, Em. Dom., §199; *Briggs v. Horse Rly. Co.*, 4 N. E. Rep. 546, 79 Me. 363 ;

*Slatten v. D. M. V. Rly. Co.*, 29 Iowa, 149.) So that if the location and construction of the line of railroad are authorized by the city council, and its location in the street is such as to give the lot-owner ingress to and egress from his lots, such use of the street by the railroad company does not interfere with the use of the lot-owner, and consequently he cannot recover for those remote and indirect inconveniences "arising from smoke, noise, offensive vapors, sparks, fires, shaking of the ground," and other annoyances. (*Garside Case*, 10 Kas. 552.) But where the location of the track is such that space enough is left in the street in front of the lots of the abutting owner, so that he can pass between the sidewalk and track, and the railroad is operated in a legal and proper manner, the lot-owner cannot recover because the space within which he has heretofore passed from and to his lots is restricted.

There are cases in which a different rule would be applied, as where the city council has not authorized the use of the street by the railroad company; or where the railroad is operated in an illegal or wrongful manner; or where the railroad company has practically obstructed the whole street so that no one can pass and repass: but the facts in this case call for the application of the rule as laid down above. The jury specially find that there is a part of the street immediately in front of the lots owned and occupied by the defendant in error, and outside of the sidewalk fifteen feet in width between the sidewalk and the side of the railroad which is open for use, and this gives him reasonable ingress and egress. There is another reason why the defendant in error cannot recover: his property is situated on the corner of Main street and Seventh avenue, fronting on Main street seventy feet and fronting on Seventh avenue one hundred and sixty feet. The jury specially find that the railroad does not obstruct the means of ingress to and egress from plaintiff's premises to and upon Seventh avenue, the law being that "although one public way to property is closed, if there is another left, the property-owner sustains no actionable damage." See the Garside case, and the following authorities cited therein: *Feering v. Erwin*,

55 N. Y. 486; *Castle v. Berkshire*, 11 Gray, 26; *Ingram v. Rld. Co.*, 38 Iowa, 669; *Burr v. Oskaloosa*, 45 id. 275; *Petition of Concord*, 50 N. H. 530; *Lutterloh v. Mayor*, 15 Fla. 306.

If the plaintiff in error could recover in this action at all, it would be on the theory that there was such a departure by the railroad company from the terms and conditions of the ordinance of the city authorizing its location and construction, that the railroad track and embankment was a nuisance; that while the city gave the railroad company the use of a part of the street, it did not authorize the use of the particular portion of the street, and that the road was not constructed and operated in a legal manner. If these facts had appeared in the record, what would be the measure of damages? Proof of damages at the trial was confined in the evidence to the difference in market value before and after the construction of the road, and while the intructions of the court approached nearer to the right basis, the true measure was not reached. It is doubtful under the supposed state of facts, whether the plaintiff below could recover only such damages as had occurred up to the commencement of the action. (*Uline v. N. Y. C. Rld. Co.*, 101 N. Y. 98; and authorities cited in that case.) "Where one creates a nuisance, and permits it to remain, so long as it remains it is treated as a continuing wrong, and giving rise over and over again to causes of action." (*K. P. Rly. Co. v. Mihlman*, 17 Kas. 224.)

It is recommended that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.