THE WICHITA & COLORADO RAILWAY COMPANY v. C. J. SMITH.

1. STREET — *Obstruction* — *Damages* — *Recovery.*   An abutting lot-owner cannot recover damages by reason of the location of a railroad, duly authorized by the city council, along one of the regularly laid out streets of a city, unless there has been a practical obstruction of the street in front of his premises and he is virtually deprived of access to his property. (*K. N. & D. Rly. Co. v. Cuykendall*, 42 Kas. 234, followed.)

2. DAMAGES — *No Recovery, When.*   The failure alone of a railroad company to properly ballast its road-bed, where sufficient space is left in the street for ordinary vehicles and teams to pass in front of abutting property, will not authorize a recovery for damages alleged to have been sustained for the destruction of one's right of ingress and egress, where there is no evidence to show the terms and conditions upon which the privilege to build such railroad was conferred by the city authorizing the same.

*Error from Reno District Court.*

THE case is stated in the opinion.

*J. H. Richards,* and  *C. E. Benton,* for plaintiff in error; *B. O. Davidson,* of counsel.

*F. L. Martin,* for defendant in error.

Opinion by GREEN, C.: This action was commenced by C. J. Smith in the district court of Reno county, to recover damages for the alleged illegal, unlawful and wrongful destruction of his right of ingress to and egress from his premises, upon a legally laid out street in the city of Hutchinson.

The plaintiff below alleged that he was the owner of lots 55 and 57, avenue "G" east, in Handy's addition to said city; that prior to the 16th day of September, 1886, he had erected a house upon said lots and was at said date using, and had since used the same as a residence; that the only outlet and inlet he had to said property was from said avenue; that the railway company, on or about the 16th day of September, 1886, illegally, wrongfully and improperly obstructed said avenue, by erecting its track and switches much higher than the grade, and had kept its track and switches in such a condition as to obstruct the avenue and deprive the plaintiff of the use and benefit of the same as a means of ingress to and egress from his dwelling, and had further obstructed the avenue by improperly leaving large piles of ties and other building material in front of plaintiff's residence, and permitting large numbers of cars to stand upon the said track on said avenue.

The railroad company answered that it was authorized to build its railroad along said avenue by an ordinance of the city of Hutchinson, and that its line of road was constructed in conformity with the terms and conditions of such authority; that the track of the railroad company was located fifty feet from the residence of the plaintiff.

The jury returned a verdict for the plaintiff, for $225. With the verdict, the jury returned the following interrogatories and answers:

"2. When the defendant located its road and built its track on avenue 'G,' was the grade of said avenue established adjacent to and abutting upon the plaintiff's property in question? A. No."

"4. State what is the approximate height of the embankment in said avenue 'G,' in front of plaintiff's property. A. A cut of fifteen inches.

"5. Did the defendant make any ditches in said avenue 'G,' in front of plaintiff's property, or any part thereof? A. No."

"7. What is the width of avenue 'G,' in front of plaintiff's property, or any part thereof? A. 120 feet.

"8. Where on avenue 'G,' abutting in front of plaintiff's

property, is the main line of the defendant's road located?
A. Thirty feet to center of track.

"9. Where on avenue 'G,' abutting upon plaintiff's property, is any side-track or switch located, and how many side-tracks and switches, if any, are located at that point? A. One switch, north of main line.

"10. What is the distance at the nearest point between plaintiff's property and any switch or side-track of defendant? A. Forty-four feet to center of said track.

"11. What is the nearest distance between plaintiff's property on said avenue 'G,' and the defendant's main line? A. About twenty-seven feet.

"12. Is there room for an ordinary vehicle and team to be driven on avenue 'G,' between the nearest track and plaintiff's property? A. Yes."

"14. Is there room for ordinary vehicles to turn around in said space? A. No.

"15. What is the average distance between the north line of plaintiff's property and the nearest track of the defendant? A. About twenty-seven feet."

"17. If, in estimating damages, you take into consideration the standing of cars or of coaches on avenue 'G,' state whether the said standing of cars or coaches was in the said avenue 'G,' adjacent to or abutting upon the property of the plaintiff in question. A. We do not.

"18. Does the testimony introduced show that defendant's cars were permitted to stand upon said avenue 'G,' adjacent to plaintiff's property, if at all, only for temporary time and temporary purposes? A. Yes.

"19. If you answer the last question in the negative, state whether the cars were permitted to stand at such place more than is usual, customary or incidental to the necessities of railroad business. A. They were not.

"20. Were the cars and coaches complained of at all times the same cars and coaches, or did they consist of different cars and coaches, which came and went in the regular course of traffic business? A. Different cars.

"21. What was the market value of plaintiff's property immediately before defendant's road was located and its tracks constructed in said avenue 'G,' immediately abutting thereon? A. $1,000.

"22. What was a fair market value of plaintiff's property immediately after defendant's road was located and its tracks constructed in said avenue 'G' abutting thereon? A. $775."

"24. In estimating damage done to plaintiff's property, what do you take into consideration ?  A.  By taking market value immediately before and after constructing said road."

"27. If the plaintiff has sustained damage by reason of the construction of defendant's tracks, did the damage occur by reason of the plaintiff not being able to use the said avenue 'G' for the purpose it had been used prior to the construction of the said tracks ? . A. Yes."

."34. What, if any, obstruction to the passage of vehicles and teams is there in that part of the said avenue 'G' between the plaintiff's property and the main line of defendant's road ?  A.  None. .

"35. What, if any, obstruction to the passage of vehicles and teams is there in that part of the said avenue 'G' south of the main line of the defendant's road, between Maple street on the east and Poplar street on the west?   A.  None at present.

"36. Is plaintiff prevented by any act proved to have been committed by the defendant from having access to his said property at any point on said avenue 'G' abutting thereon ? A. Yes.

"37. If you answer the last interrogatory in the affirmative, state what it is.   A.  By not having the road properly ballasted."

"43. Can the plaintiff use the said avenue 'G' adjacent to and abutting upon his said property in passing and repassing to and from the same, either to Poplar street on the west or Maple street on the east?   A.  Yes.

"44. Has the defendant with its tracks and cars permanently obstructed plaintiff's means of ingress to and egress from his said lots?   A. Yes, to a certain extent."

"46. In estimating plaintiff's damage, do you take into consideration the general inconvenience and annoyance incident to the operation of defendant's railway so near plaintiff's said property?   A. No.

"47. Is plaintiff prevented from traveling upon said avenue 'G' and using the same as a public thoroughfare, by reason of the locating and constructing of defendant's tracks therein ?   A.  Yes."

It is claimed by the plaintiff in error that to justify a recovery in this case for damages by the abutting lot-owner, there must be such an obstruction of the street in front of the lots owned by the defendant in error that he is practically

denied ingress to and egress from his premises; that the findings show quite conclusively that the plaintiff below was not deprived of such right; that notwithstanding the construction of the railroad track in the street, he still has twenty-seven feet of such street in front of his place free from obstruction; that there is room for ordinary vehicles and teams to pass between the railroad track and his property, and that he can still use avenue "G," adjacent to and abutting upon his property, in passing to and from the same, either to Poplar street on the west or Maple street on the east, and hence this case comes within the rule of non-liability of railroad companies, for constructing their lines along public streets, to abutting lot-owners for damages.

On the other hand, the defendant in error contends that if the railroad company had lawfully constructed its track and legally operated its trains, it might be within the rule of non-liability heretofore adopted by this court, but that the defendant below constructed its line of road along the street in question in an illegal, improper and wrongful manner, and because of the manner of the construction and operation of the road, he was entitled to recover; that as an abutting lot-owner, he has the right to every part of the street, and for the reason that the road was so constructed that he was deprived of the use of a portion of the avenue, he was thereby damaged.

The question of damages to abutting lot-owners by reason of the location of railway tracks in streets and avenues has been settled by this court, and the rule is, that "to entitle a person owning lots abutting on a city street, along which a railroad company has constructed and is operating its line, by authority of the city council, to recover damages, there must be such a practical obstruction of the street in front of the lots that the owner is denied ingress to and egress from them." (*K. N. & D. Rly. Co. v. Cuykendall,* 42 Kas. 234.) In that case, the court said:

1. Street—obstruction—damages—recovery.

"But where the location of the track is such that space enough is left in the street in front of the lots of the abutting

owner, so that he can pass between the sidewalk and track, and the railroad is operated in a legal and proper manner, the lot-owner cannot recover because the space within which he has heretofore passed from and to his lots is restricted."

See also *A. & N. Rld. Co. v. Garside*, 10 Kas. 552; *C. B. Rld. Co. v. Twine*, 23 id. 585; *Heller v. A. T. & S. F. Rld. Co.*, 28 id. 625; *K. C. & O. Rld. Co. v. Hicks*, 30 id. 288; *C. B. U. P. Rld. Co. v. Andrews*, 30 id. 590; *O. O. C. & C. Rld. Co. v. Larson*, 40 id. 301.

From the special findings, it appears that the plaintiff below has twenty-seven feet of the street in front of his lots unobstructed, so that it cannot be said that he is deprived of the right of ingress and egress, but that the use of the full width of the street in front of his premises has been restricted, and for this alone, under the previous decisions of this court, there can be no recovery.

This brings us to the question of the right of the plaintiff to recover for the improper construction of the road. The special finding of the jury upon this branch of the case is to the effect that the plaintiff was deprived of free access to his premises, because the railroad track was not properly ballasted. The complaint is made that the ties were laid upon the street and no provision made for vehicles to cross over the railroad track on that part of the street in front of plaintiff's lots. Did the failure of the railroad company to properly ballast its track deprive the plaintiff of his right of ingress and egress? The jury found that there was no obstruction to the passage of vehicles and teams in that portion of the avenue south of the main line of the defendant's railroad, between Maple street on the east and Poplar street on the west, so the plaintiff had the unobstructed use of twenty-seven feet of the street. There is no question but the city of Hutchinson authorized the construction of the railroad on this particular street, and, while the ordinance conferring this authority is not before us in the record, we must assume that the terms and conditions imposed by its provisions were complied with. There is no evidence to show that the railroad

was not constructed in accordance with the ordinance. Now, can it be said that the plaintiff's property was damaged, or any right to its proper use affected by the failure of the railroad company to properly ballast its road-bed? That seems to be the only finding of the jury, with reference to the constructing of the railroad, of which plaintiff below can complain. Can it be said that the failure, upon the part of the railroad company, to properly ballast its road-bed, is such a wrongful and unlawful construction as would give the plaintiff below the right to recover damages for depriving him of his right of access to his property? Text writers and courts make a distinction between the right of the public to pass and repass along a highway, and the right of the owner of roadside or abutting property to have access to the same. If the claim of the plaintiff is to be sustained, it must be based upon the ground that a private right has been interfered with — that is, the right to pass from his premises to the street, or from the street back again; and this is quite different from the public right of using the street. This court has said, in the case of *K. N. & D. Rly. Co. v. Cuykendall*, supra: "So that if the location and construction of a line of railroad are authorized by the city council, and its location in the street is such as to give the lot-owner ingress to and egress from his lots, such use of the street by the railroad company does not interfere with the use of the lot-owner and, consequently, he cannot recover for those remote and indirect inconveniences, arising from smoke, noise, offensive vapors, sparks, fires, shaking of the ground, and other annoyances." As stated, the ordinance authorizing the construction of the railroad is not before us, and we

2. Damages —
no recovery,
when.

cannot say whether there was such a departure, by the railroad company, from the terms and conditions of the ordinance authorizing the location as would entitle the plaintiff to recover.

It does not appear to us that the failure to ballast the road-bed in front of the plaintiff's lots interfered with his

right of access to his property from and to the street, and a judgment based upon such a finding alone is erroneous.

We recommend that the judgment of the district court be reversed, and judgment entered upon the special findings of fact for the railway company.

By the Court: It is so ordered.

All the Justices concurring.