## THE KANSAS, NEBRASKA & DAKOTA RAILWAY COMPANY v. CASPER MAHLER.

RAILROAD — *Location in Street — Abutting Lot-Owners.* To entitle an abutting lot-owner to recover damages for locating a line of railroad, under the authority of the city council, in one of the streets of a city, there must be a practical obstruction of the street in front of his premises, so as to virtually deprive him of ingress to and egress from his property. (*K. N. & D. Rly. Co. v. Cuykendall*, 42 Kas. 234, and *W. & C. Rly. Co. v. Smith*, ante, p. 264, followed.)

*Error from Bourbon District Court.*

THE opinion states the case.

*Ware, Biddle & Cory*, for plaintiff in error.
*Hill & Chenault*, for defendant in error.

Opinion by GREEN, C.: Casper Mahler brought his action against the Kansas, Nebraska & Dakota Railway Company to recover $2,000 damages for building its line of railroad in front of two lots on Barbee street, in the city of Fort Scott, in such a manner as to obstruct his ingress to and egress from his premises and dwelling. At the December term, 1887, a verdict and judgment were obtained for $800 against the plaintiff in error, and it now seeks a reversal of the same and claims manifest error.

The plaintiff in error had the right, under a city ordinance, to build its road in Barbee street, which was sixty feet wide, and the special findings of the jury indicated that at the nearest point the railroad track was twenty-five feet from the plaintiff's property. The measurement of the city engineer showed the space to be from twenty-seven and a half to thirty-two feet from the line of the lot upon which the dwelling was located to the track of the plaintiff in error. The facts, as they appear in the record, bring this case within the rule laid down in *K. N. & D. Rly. Co. v. Cuykendall*, 42 Kas. 234; and *W. & C. Rly. Co. v. Smith*, ante, p. 264.

The above cases settle the questions involved in this case, and, upon the authority of those cases, we recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.