THE CHICAGO, KANSAS & WESTERN RAILROAD COM-
PANY v. THE UNION INVESTMENT COMPANY.

1. CONSTRUCTION OF RAILROAD —*Obstruction of Street*—*Damages to Abut-
   ters.* Where a railroad company, under a city ordinance or the stat-
   ute, constructs and operates its road in a street or highway, but leaves
   sufficient space between the roadbed and abutting land or lots for
   ordinary vehicles, teams, and travel, there is no such obstruction of
   access to abutting land or lots as to permit damages for any depre-
   ciation in value thereof.

2. DAMAGES, *Special and Speculative.* If a railroad company, in con-
   structing its road and surfacing its track, makes holes or other
   temporary obstructions in a street or highway, an abutting lot or
   landowner may recover all special damages suffered by him prior to
   the commencement of his action; but, on account of such defects or
   obstructions in the street or highway, he cannot recover for the sup-
   posed depreciation in value of his property, upon the ground of a
   permanent appropriation for the right-of-way.

*Error from Dickinson District Court.*

ACTION by the *Union Investment Company* against the *Chi-
cago, Kansas & Western Railroad Company,* to enjoin defend-
ant from constructing its road along a certain street, and for
damages to plaintiff's land fronting said street. On March
11, 1889, plaintiff had judgment for damages, and defendant
comes to this court. The opinion states the material facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plain-
tiff in error.

The opinion of the court was delivered by

HORTON, C. J.: In March, 1887, the Union Investment
Company was the owner of a tract of land known as "Rich-
land Park," an addition to the city of Abilene, which it had
platted into lots and blocks. In June, 1887, the Chicago,
Kansas & Western Railroad Company began the construc-
tion of its road and telegraph line upon Third street of this
addition. On the 23d of June, 1887, the Union Investment
Company commenced this action to enjoin the construction

of the railroad. Subsequently, and on October 15, 1888, that company filed an amended petition, claiming $5,000 damages against the railroad company for wrongfully and unnecessarily digging up the street, elevating its roadbed, and unnecessarily impairing the usefulness of the street as means of ingress and egress to the abutting lots upon which the road was constructed. Upon the trial in the case, the jury returned a verdict for $300 against the railroad company, and judgment was rendered thereon. The railroad company excepted, and brings the case to this court.

Third street is 80 feet wide. The embankment for the road and tracks was placed about the center of the street, but nearer the north half. The grade was about a foot and a half, and to the top of the rails about two feet. The distance between the embankment and the lots upon the north side was 30 feet, and from the lots on the south side to the embankment over 40 feet. In surfacing up the track, there were some holes dug along the sides of the street from two to four feet in width and length, and about a foot deep. These holes interfered with the passing and repassing of vehicles and travel. Before the construction of the railroad, ·the grade of the street had never been established, and the abutting lots were vacant and unimproved. The embankment and tracks for the railroad occupied about five feet. On account of the grade, it was difficult to cross over the track from one side to the other; but there were good crossings at the street crossings, made by the railroad company. The recovery in the case was solely for the depreciation in the value of the lots by alleged permanent obstructions. The instructions to the jury permitting such a recovery were misleading. Such damages cannot be sustained, upon the testimony introduced. Of course, a railroad company cannot wrongfully and unnecessarily block up and obstruct a street or highway; and if a lot or landowner receives actual injury from such obstruction, special to him, and not such as affects the public in general, he may have a cause of action. But in this case

there was no permanent taking and appropriation of the whole street, or of any part of the street immediately adjoining the abutting lots, so as to completely or substantially obstruct the ingress to or egress from the lots. (*Railroad Co. v. Larson*, 40 Kas. 301; *Railroad Co. v. Cuykendall*, 42 id. 234; *Railroad Co. v. Smith*, 45 id. 264; *Railway Co. v. Mahler*, 45 id. 565.) As was said in the Andrews case, 30 Kas. 595:

"The public, in grading the alley, or in permitting a railroad company to occupy it, may, in some cases, render its use less convenient and still not give the plaintiff any right of action against any person or corporation for damages. Thus the public may grade the alley so that it would be much above the surface of the plaintiff's lots or much below it, and so that it would be very inconvenient for the plaintiff or others to pass from the one to the other; or the public might vacate a street at one end of the alley, so that the plaintiff could pass into the alley only at the other end; or might in other ways vacate streets or alleys so as to render the plaintiff's property less enjoyable, without giving to the plaintiff a cause of action."

"Numerous decisions have been made to the effect that, for the construction of a railroad upon a street or alley with authority from the city, where it was restored to its former conditions, or where the structure did not deprive the owner of the reasonable use of the street or alley as a means of ingress to and egress from his lots, no recovery could be had. The fact that the street or alley may be narrowed by the structure, or made less convenient, or that by reason thereof the property would be less attractive or desirable, will create no liability against the company, if the owner's special use and private right of entering and leaving his property have not been unreasonably abridged." (*L. N. & S. Rly. Co. v. Curtan*, ante, p. 432; *Heller v. Railroad Co.*, 28 Kas. 625; *Railroad Co v. Smith*, supra.) See, also, *Rapid Transit Rly. Co. v. Early*, 46 Kas. 197; *Railway Co. v. Mahler*, supra.

If the addition was not within the city of Abilene, the railroad company had the power, under the fourth subdivision of ¶ 1207, Gen. Stat. of 1889,

"To construct its road across, along or upon any . . . street, or highway, . . . which the route of its road shall intersect or touch; but the company shall restore the

. . . street or highway, thus intersected or touched, to its former state, or to such state as to have not necessarily impaired its usefulness." (Comp. Laws of 1885, ch. 23, § 47.)

If there was a temporary obstruction of the street on account of the holes dug by the men in surfacing the track, which were left unfinished or in a dangerous condition, and the plaintiff below had suffered any special damage or injury thereby, differing in kind from the public generally, it would be entitled to recover the special damages which had accrued prior to the commencement of this action. But the depreciation in value of the property in this case is not the damages recoverable. In other words, the plaintiff below was entitled to recover, upon the facts disclosed, if anything, only such actual damages as it suffered up to the commencement of this action. (*Poppenheim v. Elevated Rly. Co.*, 128 N. Y. 436; 26 Am. Rep. 486, and notes.)

This is not like the cases where ingress to and egress from a lot or tract of land is completely or substantially destroyed by the permanent taking and appropriation of a street or alley. (*Garside case*, 10 Kas. 552; *Twine case*, 23 id. 585; *Andrews case*, 26 id. 702; *Larson case*, supra.)

In *L. N. & S. Rly. Co. v. Curtan*, ante, p. 432, the obstruction of the alley was treated by all the parties as permanent. The exceptions referred to in this case were not taken in that case. (See, also, *Rapid Transit Rly. Co. v. Early*, 46 Kas. 197.)

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.