No. 21,682.

S. S. HAWKS, *Appellee*, V. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

PUBLIC ALLEY—*Obstructions—Railway Tracks—Damages to Abutting Lot Owner.* Where a resident lot-owner's only means of ingress and egress to and from his garage situated at the back part of his lot is through an alley which is totally obstructed by a railway company in the operation of its cars on a railway track in the alley and in permitting its cars to stand in the alley, such person may maintain an action for damages, and in such action it is no excuse for the railway company that the railway track itself was properly constructed and that it had obtained permission from the city to construct it.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed July 6, 1918. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*George W. Adams,* and *S. S. Hawks,* both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action is for damages sustained by plaintiff through the obstruction of the alley at the back of his residence lot in Wichita. The defendant built a railway track in the alley. The construction was proper, and done with permission of the city of Wichita. But when the defendant's railway freight cars were being operated or were standing on this alley track—and that was a good share of the time—they completely obstructed the alley so that the defendant could not get into the alley or out of it with his automobile, and deprived him of the only access to his garage, which was situated on the back part of his residence lot.

The jury gave plaintiff a verdict for $300, and answered certain special questions; and it is defendant's chief contention that it was entitled to judgment thereon.

Some of these read:

"Q. 9. When cars are standing or being run in the alley in the rear of plaintiff's property, can an ordinary vehicle pass such car or cars in said alley? A. No."

Defendant's questions: .

"Q. 5. If the ingress or egress to plaintiff's property was obstructed by the construction of defendant's track, state how and in-what manner the obstruction was caused. A. (No answer returned by the jury.)

"Q. 6. If the construction of said track in said alley caused damage to and depreciation in the value of plaintiff's property, state in what respect or manner the property was thus damaged? A. In the appropriating of the center of the alley for track purposes and the operating thereon.

"Q. 7. Was plaintiff's ingress and egress to and from his premises materially interfered with by the track in question, except when cars were left in the alley both north and south of plaintiff's barn and in the same block? A. No.

"Q. 9. If you find for plaintiff, what amount do you allow, if any, for damage caused by reason of defendant negligently leaving cars standing ·in the alley in question, since the commencement of his suit, March 4, 1916? A. Not any.

"Q. 11. If you find for plaintiff, how much do you allow for obstruction to plaintiff's ingress and egress to his property by defendant's cars being· on the track in said alley? A. Nothing, save only as explained in answer to question No. 6."

. It is defendant's contention that the findings show that both the construction of the track and the operation thereon was in a lawful manner, and familiar decisions are cited which hold that damages are not recoverable under those circumstances. But we cannot agree that the findings show that the operation of the cars was lawful. The petition charged that defendant—

"Took possession of said alley and confiscated the same to its own use and benefit by . . . leaving its cars stand on its track in said alley so that the same entirely blocked, obstructed and shut off the use of said alley to this plaintiff. That . . . by reason of cars being left standing thereon, plaintiff's ingress and egress from his said property to and from and through said alley has been entirely blocked, obstructed and shut off; that plaintiff bought said lot for a homestead and built his barn or garage with reference to his outlet for ingress and egress through said alley, and that he has no other opening or outlet for ingress or egress to his said barn or garage except to and from and through said alley."

The proof tended to establish these facts; and some of the jury's findings are a conclusive determination of the matter. Indeed, defendant's seventh question is couched in a form which practically concedes the wrong complained of. And surely it cannot be said that the complete and total obstruction of the alley for a considerable portion of the time is lawful, unless some compensation be given to those specially injured

thereby. No Kansas decision is cited which goes so far, and even in the pioneer case cited by defendant, *A. & N. Rld. Co. v. Garside*, 10 Kan. 552, it was said:

"But where the property is a street or highway, the railway company will be liable to any person who may receive actual injury from the *illegal or unnecessary blocking up or obstructing* of such street or highway by the railroad company, whether the obstruction be permanent or only temporary." (syl. ¶ 3.)

Again, in *C. B. U. P. Rld. Co. v. Twine*, 23 Kan. 585:

"Or if it [the railway company] *unnecessarily and unreasonably* leaves its cars standing on the track so as to interfere with the approach to the lot, the lot owner may recover damages therefor." (syl. ¶ 1.)

In *O. O. C. & C. G. Rld. Co. v. Larson*, 40 Kan. 301, 19 Pac. 661, it was said:

"But such a company cannot, any more than an individual, *wrongfully and unnecessarily* block up or obstruct a street without being liable therefor." (syl. ¶ 1.)

The later cases all recognize this principle. (*K. N. & D. Rly. Co. v. Cuykendall*, 42 Kan. 234, 21 Pac. 1051; *W. & C. Rly. Co. v. Smith*, 45 Kan. 264, 25 Pac. 623; *K. N. & D. Rly. Co. v. Mahler*, 45 Kan. 565, 26 Pac. 22; *L. N. & S. Rly. Co. v. Curtan*, 51 Kan. 432, 33 Pac. 297; *C. K. & W. Rly. Co. v. Investment Co.*, 51 Kan. 600, 33 Pac. 378. See, also, *Stephenson v. Street Railway Co.*, 88 Kan. 794, 129 Pac. 1188; *Marshall v. Railroad Co.*, 96 Kan. 470, 152 Pac. 634.)

The findings make it clear that there was a total appropriation of the alley for the occupancy of railway cars, either standing or operating, and a complete obstruction of the alley, which wholly deprived plaintiff of ingress and egress to and from his garage and back lot for a considerable part of the time. The recovery was not for partial obstruction, but for complete obstruction for part of the time. Certainly this wrong entitled plaintiff to some legal or equitable redress. (*Longnecker v. Railroad Co.*, 80 Kan. 413, 102 Pac. 492; *Jackson v. Kiel*, 13 Colo. 378, 22 Pac. 504, 6 L. R. A. 254. See, also, extended note in 36 L. R. A., n. s., 673, 764 *et seq.*)

The jury's answers to plaintiff's question 9 and to defendant's questions 6 and 11 render immaterial their failure to answer question 5; and, moreover, question 5 is rather misleading, for plaintiff's grievance was not the mere construction

of the track, but the exclusive use of the alley for railway purposes to the special damage of plaintiff in the deprivation of access to his garage.

Complaint is made of the trial court's instructions, but nothing serious can be discerned therein. Moreover, in this case, in view of the jury's findings, the plaintiff was entitled to damages, and the instructions criticised were not very material. The only damages allowed were for those already sustained when the action was filed (defendant's Q. 9), and the amount of the recovery, $300, is no greater than the damages sustained, measured by any rule of law.

The judgment is affirmed.