THE FORT SCOTT, WICHITA & WESTERN RAILWAY COMPANY v. HUGH FOX.

STREET—*Appropriation by Railroad Company — Sale of Road — Cause of Action, Stated.* In plaintiff's petition it was alleged that a railroad company built its tracks over a street of a city of the second class in such a way as to render the street wholly useless to him as a means of access to and from his lots, which abutted on the street; that shortly afterward the railroad and franchises of that company were sold under a decree of foreclosure to another company, which company has since operated the road, and has continued the obstruction and nuisance and thereby permanently deprived him of all access to the street from his property; that he has never received any compensation on account of the injury sustained by reason of the appropriation of the street, and there has been no consent for the appropriation or waiver of the claim of damages. *Held,* That a cause of action was stated in favor of the plaintiff against the purchasing company, and this although it was conceded that the road was properly and skillfully constructed; and *further held,* that the plaintiff is entitled to recover his damages for the permanent appropriation of the street in front of his property, although it is accessible from another street.

*Error from Harvey District Court.*

ON September 1, 1886, *Hugh Fox* instituted an action against the St. Louis, Fort Scott & Wichita Railroad Company, and on September 1, 1887, by permission of the court, *Fox* filed a supplemental and amended petition making *The Fort Scott, Wichita & Western Railway Company* an additional party defendant, of which the following is a copy:

"Comes now the plaintiff, and for his amended petition herein says, that the defendant, the St. Louis, Fort Scott & Wichita Railroad Company, is, and at all times herein mentioned was, a railway corporation duly and regularly incorporated under and by virtue of the laws of the state of Kansas, for the purpose of operating a locomotive steam railroad within said state; that the defendant, the Fort Scott, Wichita & Western Railway Company, is, and at all times herein mentioned was, a railway corporation duly and regularly incorporated under and by virtue of the laws of the state of Kansas, for the purpose of operating a standard-gauge, steam locomotive railway within said state; that the plaintiff is now, and for

the past five years has been continuously, the owner of and in possession of the following-described real-estate property, to wit: Lots 12, 14, 16, 18, 20, 22, and 24, in block 1, in Blake's addition to the city of Newton, Harvey county, as shown by the recorded plat thereof; that immediately to the west of the plaintiff's said property, and along the west end of said property, and adjoining thereto, there was for many years prior to about the 27th day of July, 1886, a street, avenue and public thoroughfare of the said city of Newton, known and designated as Kansas avenue, running north and south; that said Kansas avenue had for many years prior to said 27th day of July, 1886, been dedicated and set apart to the use of the public, and to the especial use of the adjoining lot-owners, as a public street and highway, and had been established as a public highway prior to said date, and had been used as a public highway continuously and constantly for more than fifteen years prior to said 27th day of July, 1886; that the said avenue was the only way by which the said plaintiff could have ingress and egress to and from his said premises from the west end thereof; that on or about the said 27th day of July, 1886, the said defendant, the St. Louis, Fort Scott & Wichita Railroad Company, obstructed the said avenue in front of the plaintiff's said premises, by digging ditches and trenches, and laying down and building its main line and side-tracks therein, which consist of iron rails and cross-ties placed and constructed along said avenue, forming what is known as a standard-gauge locomotive steam railroad track; that said defendant, the St. Louis, Fort Scott & Wichita Railroad Company, at the time of obstructing said street as aforesaid lowered the established grade of said avenue by its trenches and ditches from three to five feet, and on said July 27, 1886, so constructed its tracks in front of the plaintiff's premises on said avenue, and so obstructed said avenue in the manner aforesaid, as to wholly impair and destroy said avenue and render it wholly useless as a public highway; and by such obstruction the plaintiff has been deprived of all means of ingress and egress to and from his said premises from the west end thereof; that the obstruction of said street and avenue as aforesaid was necessary for the proper and skillful construction of said railroad, and said railroad was at the time and in the manner aforesaid skillfully and properly constructed; that the defendant, the St. Louis, Fort Scott & Wichita Railroad Company, at the time aforesaid appropriated said street and avenue in front of the plaintiff's premises for the use of its said railroad

by virtue of its right of eminent domain, but without any condemnation proceedings therefor; that after appropriating said avenue as aforesaid, said defendant, the St. Louis, Fort Scott & Wichita Railroad Company, continued to occupy the same with its tracks, and continued to operate its road upon and along said avenue in front of the plaintiff's premises by running its cars, engines and trains thereon, until about the 15th day of November, 1886; that on or about the 15th day of November, 1886, a receiver was appointed over the railroad so owned and operated by the said St. Louis, Fort Scott & Wichita Railroad Company by the circuit court of the United States for the district of Kansas, in an action then pending in the said circuit court for the foreclosure of first-mortgage bonds of said railroad, wherein the Union Trust Company of the state of New York was plaintiff, and the St. Louis, Fort Scott & Wichita Railroad Company was defendant; that under and by virtue of an order of sale of said circuit court in said action, said railroad with all its property was sold on the 23d day of May, 1887; that on or about the 1st day of July, 1887, the defendant, the Fort Scott, Wichita & Western Railway Company, purchased and acquired the said railroad formerly known as the St. Louis, Fort Scott & Wichita Railroad Company, and on or about the 1st day of July, 1887, took possession of said railroad, and of the tracks in the said avenue in front of the plaintiff's premises above described, and has ever since so taking possession of said railroad continued to operate and still continues to operate the same upon and along said Kansas avenue in front of the plaintiff's said premises; that said railroad tracks have, since they were first constructed upon and along said Kansas avenue, remained in the same condition and position in which they were first constructed, and are now in the same condition; that the defendant, the Fort Scott, Wichita & Western Railway Company, has permanently appropriated said Kansas avenue along and in front of plaintiff's said premises, to its own use, for the purpose of operating said railroad; that by the permanent appropriation of the said Kansas avenue as aforesaid, the plaintiff has been permanently deprived of all means of ingress and egress to and from his said premises from the west end thereof; and by said appropriation said Kansas avenue has been entirely destroyed as a public highway; that the defendant, the Fort Scott, Wichita & Western Railway Company, has never condemned the plaintiff's right in said avenue, nor has any proceeding been had for the condemnation of the same; that on the sale

made by order of the United States court as aforesaid, there were only sufficient proceeds realized for the payment of the first-mortgage bonds of the said railroad, leaving numerous other mortgage bondholders, judgment creditors and claimants wholly unpaid; that the plaintiff has never been paid or received any compensation whatever on account of his damages, by reason of the appropriation of said avenue as aforesaid; that the defendant, the St. Louis, Fort Scott & Wichita Railroad Company, is wholly insolvent, and has ceased to do business; and that by reason of the permanent appropriation of the said avenue as aforesaid, the plaintiff has been damaged in the sum of $3,000.

"Wherefore, the plaintiff prays judgment against the said defendants and each of them for the said sum of $3,000, with interest thereon at the rate of seven per cent. per annum from the 27th day of July, 1886, and for the costs of this action, and for such other and further relief as in equity and in justice the plaintiff is entitled to."

The Fort Scott, Wichita & Western Railway Company demurred to the amended petition because the same did not state a cause of action against that company. On November 28, 1887, the court, upon due consideration, overruled the demurrer. This ruling was excepted to, and is assigned as error.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error; *Ady & Nicholson*, of counsel.

*Brown & Cline*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The only question presented is, whether the amended petition states a cause of action against the Fort Scott, Wichita & Western Railway Company. The defendant in error, whose property abuts on Kansas avenue, a street in the city of Newton, seeks to recover damages for the total obstruction of the street by the railway company, whereby he is deprived of the means of ingress and egress to and from his property. According to the averments of the petition, the road was built by the St. Louis, Fort Scott & Wichita Railroad Company, in July, 1886; and in laying down its

main and side-tracks on the street, deep ditches and trenches were made in front of Fox's property rendering the street wholly useless to him as a means of access to his lots, or for any purpose except the operation of the railroad. The road was operated and the obstruction continued until May, 1887, when the railroad property was sold under a decree of foreclosure rendered by the United States circuit court. It was purchased by the Fort Scott, Wichita & Western Railway Company, which took possession of the property in July, 1887, and has continued to own and operate the road since that time. Whether either of the railroad companies obtained the consent of the city to appropriate the street for railroad purposes is not stated in the petition, but we understood counsel in the argument to concede that such consent was given. But whether the consent was given or withheld, the decision of the case under the allegations of the petition must be the same. In either event, Fox was entitled to damages. It is alleged that the entire street opposite this property is obstructed and rendered wholly useless as a highway or as a means of access to and from the lots. Under the doctrine repeatedly stated by this court, the abutting lot-owner is entitled to damages irrespective of any municipal authority or consent, and his right and the liability of the railroad company where there has been a complete obstruction of the street have been so well defined in this state that we need only to refer to the decided cases: *Railroad Co. v. Garside*, 10 Kas. 552; *Railroad Co. v. Twine*, 23 id. 585; *Railroad Co. v. Andrews*, 26 id. 702; same case, 30 id. 590; *Railroad Co. v. Larson*, 40 id. 301; *Railway Co. v. Cuykendall*, ante, p. 234; *Railway Co. v. McAfee*, ante, p. 239.

The plaintiff in error claims that the rule established by these cases does not apply, for the reason that the railroad was skillfully and properly constructed. This fact is conceded in the petition, but it does not relieve the railroad company from liability, or affect the determination of the question involved. If the city had granted permission to lay the railroad in the street, and it had been constructed in a proper

manner, so as not to impair the usefulness of the street for public travel, or to prevent access therefrom to the abutting lots, Fox would suffer no injury for which he could recover; but neither the authority nor the manner of construction can make any difference where the entire street is appropriated and the lot-owner is cut off from all access to the street from his property. He suffers an injury not shared by the public generally when he is denied the use and enjoyment of the adjoining street, and it is immaterial whether the proper and skillful construction of the road required the appropriation of the entire street or not. The right of access from the street to his property is an individual one as inviolable as the property itself, of which he cannot be deprived in any way without creating a liability against the wrongdoer for the consequential damages occasioned.

*Appropriation of street by railroad company; cause of action stated.*

The principal contention of the plaintiff in error is, that it cannot be held liable in any way for these damages, for the reason that the road was built and the nuisance created by the St. Louis, Fort Scott & Wichita Railroad Company. It is true that a sale made as alleged would convey a title to the purchasing company, free from all claims for the general debts of the old company, but the liability for either the creation or continuance of the nuisance does not fall within that class. The old company was a wrongdoer, and had acquired no right to deprive Fox of the use of the street as a means of access to his lots. The company had made no compensation for this appurtenant to his property, nor had he in any way released or waived his claim for damages. The old company, having no right in this appurtenant, could convey none, nor could the claim for the continuing wrong and injury be divested by a sale under the mortgage foreclosure. If the owner had consented to the appropriation in any way, or had stood silent for a long time with knowledge of the occupancy, a different question would arise; but in this case he promptly pressed his claim for damages against the old company, and when the transfer of the property and franchises was made, he as

promptly adapted his pleadings to the change of ownership, and proceeded against the new company. There has been neither waiver nor payment of the claim for damages. The obstruction and nuisance has been continued by the purchasing company, and while it cannot be held liable for the wrongdoing of the old company, it cannot escape liability for the injury inflicted after it purchased and took possession of the road. The blocking of the street and continuance of the nuisance by the new company is as great an injury to the lot-owner as though that company had originally built the road and created the nuisance. It might have limited its liability if after taking possession of the road it had restored the street to its former condition, or to such a condition as not materially to impair its usefulness as a means of access to and from the property. Assuming the facts to be as stated, the company has chosen to block and appropriate the entire street for its own purpose, and both the company and the owner have treated the appropriation as a permanent one. For this permanent appropriation the plaintiff in error must respond in damages if the proof sustains the averments of the petition.

It is further said that as Fox's premises extend to another street, over which the property may be reached, no action for damages can be maintained; and *Railway Co. v. Cuykendall,* supra, is cited as authority. The Commissioner, in writing the opinion in the case cited, used language of that import; but the court placed its judgment on the ground that the facts in the case showed the building of the railroad on the street as authorized by the city council did not destroy the street in front of the lots, nor prevent its use as a means of ingress and egress to and from the property. The additional reason for the judgment stated by the Commissioner is inconsistent with the former rulings of the court, and is not approved. In the *Twine Case,* 23 Kas. 585, damages were claimed and allowed because of an obstruction of an alley at the south end of the

Cases, distinguished.

lot, notwithstanding it was accessible from a street at the other end of the lot. In the Andrews case damages were allowed for the obstruction of an alley at the

south end of the property, although there was unobstructed access to the injured property by means of streets on the west side and the north end of the same property. (26 Kas. 702; 30 id. 590; 41 id. 370; 21 Pac. Rep. 276.)

The judgment of the district court will be affirmed.

All the Justices concurring.

In the cases of FORT SCOTT, WICHITA & WESTERN RLY. CO. v. T. V. MORSE, No. 4983, and the same plaintiff v. D. HAMILL, No. 4984, the facts are substantially the same as in the Fox case, were submitted on the same argument, and as the same legal questions are involved, it follows that the judgment of the district court in each case must be affirmed.

All the Justices concurring.