THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY *et al.* v. W. M. ARNOLD *et al.*

52 729
52 735
53 621

CONSTRUCTION OF RAILROAD — *Obstruction of Street* — *Liability to Abutters.* Plaintiffs owned lots fronting on W. avenue 150 feet from F. street. Defendants lawfully constructed their railroad along F. street, crossing W. avenue, under direction of the city authorities. Defendants graded W. avenue in front of plaintiffs' premises, as directed by the city engineer. *Held,* That defendants are not liable to plaintiffs for injuries to their property caused by such grading.

*Error from Sumner District Court.*

ACTION by *W. M. Arnold* and S. M. Arnold against the *Atchison, Topeka & Santa Fé Railroad Company* and the Southern Kansas Railway Company, to recover damages resulting from obstructing a street. At the January term, 1890, there was a judgment for plaintiffs, and defendants bring error. The opinion states the facts.

*A. A. Hurd, Robert Dunlap,* and *O. J. Wood,* for plaintiffs in error.

*John A. Murray, Elliott & Woods,* and *Frank H. Foster,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiffs were the owners of four lots having a frontage of 25 feet each on Washington avenue, in the city of Wellington. The south line of such lots was 150 feet north of First street, there being six lots in the block between plaintiffs' lots and First street. In the year 1887, the defendant railroad companies constructed railroad tracks in First street. This action was brought by the plaintiffs, who alleged in their petition that the defendants wrongfully entered upon First street, and upon the alley in the rear of their lots at its intersection with First street and along the south side of the block, and made large embankments and deep excavations, and constructed thereon their railroad

tracks, switches, and yards, and thereby completely obstructed plaintiffs' access to their premises through the alley from the south; and that said defendants also entered upon Washington avenue, in front of their property, and for a long distance, north and south of the same, and made an excavation thereon, changing the established grade of said Washington avenue, rendering ingress to and egress from the same very diffcult and almost impossible. The plaintiffs claimed $2,000 damages by reason of closing up the alley and the excavation in Washington avenue. The case was tried with a jury, which rendered a general verdict in favor of the plaintiffs for $750, and also returned answers to special questions submitted to them.

The railroad was not constructed in front of plaintiffs' premises, but was constructed along First street, crossing Washington avenue at its intersection therewith. It appears that, about the time of the construction of the railroad, Washington avenue was graded by the employés of the railroad company. Such grading, however, was not done as a necessary incident to the construction of the plaintiffs' line of road, but was for the purpose of grading Washington avenue as a street. Among other special questions and answers are the following:

"7. Was not the excavation in front of plaintiffs' property on Washington avenue made as requested and directed by the city authorities of the city of Wellington, Kas.? A. Yes."

"19. Were not the grade stakes for this excavation set by the city engineer, Orville Smith, of the city of Wellington, Sumner county, Kansas, and was not said grade, or excavation, made according to such grade stakes? A. Yes."

"22. Is not defendant's railroad on First street constructed in a good and workmanlike manner? A. Yes.

"23. Did not defendant receive permission and authority from the city authorities of the city of Wellington, Kas., to go upon First street and build and construct its railroad thereon? A. Yes."

The jury were instructed, among other things:

"You are further instructed, that if you find from the evi-

dence that the defendant did construct its railroad in and upon First street, and across Washington avenue, and thereby made it necessary to grade down Washington avenue in front of plaintiffs' property, and that such grading was done to the injury of the plaintiffs' access to and from their property, to their damage, this is an element of damage which may be considered, and this, too, without regard to whether the city authorities had such grade made."

This instruction was erroneous. The railroad company was not liable for grading Washingtion avenue as a street under the direction of and in the manner required by the city authorities of Wellington. The city authorities had the right to establish the grade of the street, and the railroad company would incur no greater liability for performing the work of grading it than a private citizen. (*M. E. Church v. City of Wyandotte,* 31 Kas. 721.) Under the findings of the jury, no damages could be allowed for the grading of Washington avenue. If this were the only claim in the case, we might direct judgment to be entered on the findings, but damages were also claimed for obstructing the alley in the rear of the lot. It is claimed by counsel for the defendants in error that, as to the alley, this case comes within the rule laid down in *L. N. & S. Rly. Co. v. Curtan,* 51 Kas. 432; 33 Pac. Rep. 297. On the other side, it is contended that the south end of the alley was already blocked and completely obstructed by an old Southern Kansas railroad track which crossed the alley about 15 feet from the southeast corner of the plaintiffs' lots. The findings of the jury on this point are favorable to the plaintiffs, and while one of the plaintiffs testified that the alley was obstructed by the Southern Kansas track at the time plaintiffs bought the lots, and that they had never entered the alley from the south, there seems to be a little testimony in the record tending to support the findings of the jury on that question. We therefore are not at liberty to direct judgment for the defendants.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.