## MUSKOGEE ELECTRIC TRACTION CO. v. MADDEN et al.

No. 6109.     Opinion Filed February 8, 1916.

(155 Pac. 540.)

1. **EMINENT DOMAIN—Railroad Right of Way—Damages—Value of Land Taken.** Where land is taken for right of way purposes without condemnation proceedings or purchase, and a suit is brought upon an implied promise to pay the value of the land, evidence of the reasonable market value of the premises immediately prior to the construction of the right of way across the land and the reasonable market value immediately afterwards is competent.

2. **GUARDIAN AND WARD—Sale of Land—Order—Setting Aside—Collateral Attack.** Where a suit is brought for damages for the appropriation of land for right of way purposes, and the defense is made that a predecessor of the defendant had purchased the land at guardian's sale, but the sale had been set aside for want of payment of the bid, the judgment setting aside such sale and confirmation cannot be attacked collaterally.

3. **EMINENT DOMAIN—Right of Way—Corporation Succeeding to Right of Appropriator.** The rule is that where a corporation succeeding to property. rights. and franchises of an older corporation

enters upon lands appropriated by its predecessor and continuously uses the same to the exclusion of the landowner, it will be deemed to have adopted the original appropriation.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Action by William A. Madden, as guardian of Marcus E. Madden, a minor, against the People's Electric Railway Company, a corporation, and others. Judgment for plaintiff, and Muskogee Electric Traction Company, defendant, brings error. Affirmed.

*N. A. Gibson* and *T. L. Gibson,* for plaintiff in error.

*W. W. Noffsinger* and *Y. P. Broome,* for defendant in error W. A. Maddin.

Opinion by RITTENHOUSE, C. It is alleged that in 1911 the defendants, the Monticello Company and the People's Electric Railway Company, illegally, wrongfully, and without the consent of the plaintiff or his ward, and without compensation to them or either of them, entered upon lots 6, 7, and 8, in block 463, in the city of Muskogee, Okla.; and dug ditches and made grades and located and erected railway tracks upon and across said property, for the purpose of running and operating electric railway cars and carrying passengers and freight thereon, and have continuously since said date, and without compensation to either plaintiff or his ward, maintained the same over and across the premises. On September 30, 1912, the defendant the Muskogee Electric Traction Company purchased and acquired, and at the time of the trial owned, all the property and franchises of said defendant the People's Electric Railway Company, and all the interests it held in and to the ditches, grades, railway

tracks over and across the property of said minor, and said company is now in the complete possession and control of said property and franchise, and continuously uses and operates electric railway cars over and across said railway property, to the damage of plaintiff in the sum of $5,000. The cause was tried to a jury and resulted in a judgment against the defendant the Muskogee Electric Traction Company in favor of plaintiff in the sum of $1,200, and the cause is brought here for review.

In the outset, it is conceded that where a right of way has been taken informally and without going through a proceeding to condemn or purchase the same, the remedy of the owner of the land is by a suit in the nature of an action to recover upon an implied promise to pay the value of the land.

The first question presented is whether or not there is any evidence to sustain the verdict herein for $1,200. The witness A. G. Ford testified that the market value of the property immediately before the construction of the railway through the same was $3,000; that its value after the construction of said railway was $1,200, a damage to said property of $1,800. The next witness, S. P. Mann, testified that its value immediately before the construction of said road was $3,000, and after its construction $1,383.33, a difference of $1,616.67. The third witness, U. L. Jackson, testified that its value before was $3,000, and afterwards $1,400, a difference of $1,600. During the trial there was no objection to this manner of proving damages and the court instructed the jury that the plaintiff was entitled to the difference in value of the property immediately before it was appropriated and its value immediately afterwards, and no objection was made to this instruction. It is apparent from this

evidence that the jury took into consideration merely the damage caused by the construction and maintenance of this road across the premises, and not the value of the property attempted to be appropriated by the city for municipal purposes. There was evidence as to the manner in which the railroad was constructed, the extent of the excavations, the embankments and obstructions, and the testimony of the value before the appropriation, and afterwards, was given in view of these conditions.

In the case of *Arkansas Valley & Western Ry. Co. v. Witt*, 19 Okla. 262, 91 Pac. 897, 13 L. R. A. (N. S.) 237, the territorial court had before it a similar question. In that case an examination of the record discloses that numerous witnesses for the defendant testified that the reasonable market value of the farm immediately prior to the construction of the right of way across the land was $4,000, and that the reasonable market value immediately thereafter was $2,000, and the court approved this method of estimating the damages sustained, and, we think, properly.

It is next contended that the land in controversy had been sold through the county court to the Monticello Company long prior to the institution of this suit, and that upon failure to pay the purchase price the sale was vacated, and it is insisted that the vacation of this sale was not the proper step to be taken by the court in order to avoid the effect of a sale where the purchaser had failed to pay the amount bid by him for the purchase price of the property or the amount offered. We cannot agree with this contention. The county courts of this state are courts of record, and have original general jurisdiction over all probate matters. If the court set

aside this judgment and the proceedings were erroneous, which we do not decide, a direct proceeding should have been brought to have corrected this alleged irregularity, as the same cannot be collaterally attacked.

It is next urged that the property was taken by the Monticello Company and People's Electric Railway Company in May, 1911, and that this suit was instituted on the 11th day of May, 1912, when the Muskogee Electric Traction Company had no interest in the matter at that time and did not acquire any interest until September, 1912, long subsequent to the institution of this suit, and that the court erred in refusing to sustain the demurrer of the plaintiff in error to the evidence, and should have set aside the verdict rendered by the jury or dismissed the case.

The plaintiff in error was made a party defendant when the suit was instituted, but on October 23, 1912, plaintiff in error filed its amended and supplemental answer, wherein it alleged that it had acquired the right of way in controversy on September 30, 1912, and thereafter used and operated cars over the same. A supplemental petition was filed, alleging that after the commencement of this action, on September 30, 1912, plaintiff in error had acquired the property in controversy and operated its cars over the same, and praying judgment against the Muskogee Electric Traction Company. No objection was made in the lower court to the filing of this supplemental petition, and issues were joined without raising the question. Before this question could be presented to this court for review, the record should affirmatively show that the alleged error complained of was presented to the trial court and either ignored or

decided adversely to the railway company, and, unless the record so shows, and an opportunity was given to the court to pass upon the question, the same will not be considered on appeal.

For the purposes of this case, it is admitted that the Muskogee Electric Traction Company purchased the right of way from the People's Electric Railway Company, and that it was using the right of way and operating its cars over the same. The general rule is that where a corporation succeeding to property, rights, and franchises of an older corporation enters upon land appropriated by its predecessor, and continuously uses the same to the exclusion of the landowner, it will be deemed to have adopted the original appropriation. 15 Cyc. 787; *Ft. Scott, W. & W. Ry. Co. v. Fox*, 42 Kan. 490, 22 Pac. 583; *Lake Erie & W. Ry. Co. v. Griffin et al.*, 92 Ind. 487; *Organ v. Memphis & L. R. R. Co.*, 51 Ark. 235, 11 S. W. 96.

The judgment should therefore be affirmed.

By the Court: It is so ordered.